IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**H. KENNETH LEFOLDT, JR.**                                                  **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 3:15-CV-878-KS-MTP**

**DONALD RENTFRO,** *et al.*                                         **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

For the reasons below, the Court **denies** the Trustee's Motion to Withdraw [1] the Court's reference to the Bankruptcy Court.

<u>**I. BACKGROUND**</u>

In March 2014, Natchez Regional Medical Center ("NRMC") filed a petition for relief under Chapter 9 of the Bankruptcy Code. In September 2014, the Bankruptcy Court entered an order confirming the Debtor's Second Amended Chapter 9 Plan of Adjustment ("The Plan"). The Plan established the Trust, appointed H. Kenneth Lefoldt as the Trustee, and transferred all claims against the Debtor to the Trust.

In July 2015, the Trustee objected to certain proofs of claim filed by Donald Rentfro. On October 9, 2015, the Trustee filed a Complaint[1] in this Court against Rentfro, several other former officers and directors of NRMC, and an accounting firm. The Trustee alleged that the officers and directors had breached their fiduciary duty to NRMC, and that the accounting firm had committed professional malpractice in auditing NRMC's finances.

---

[1]*See* Complaint, *Lefoldt v. Rentfro*, No. 5:15-CV-96-KS-MTP (S.D. Miss. October 6, 2015), ECF No. 1.

On February 16, 2016, the Trustee filed a motion for this Court to withdraw the reference to the Bankruptcy Court and consolidate the resolution of his objections to Rentfro's proofs of claim with the litigation against the former officers and directors. But on April 11, 2016, the Court granted motions to dismiss filed by Rentfro and the other former officers and directors.[2] The Court now considers the Trustee's Motion to Withdraw [1] the reference to the Bankruptcy Court.

## II. DISCUSSION

"Each district court may provide that any and all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Accordingly, this Court's internal rules provide that "any and all cases arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the Southern District of Mississippi for consideration and resolution . . . ."[3] However, 28 U.S.C. § 157(d) provides for both mandatory and permissive withdrawal of the Court's reference to the Bankruptcy Court. 28 U.S.C. § 157(d); *In re Mirant Corp.*, 197 F. App'x 285, 294 n. 16 (5th Cir. 2006).

"First, . . . mandatory withdrawal is required where 'the [district] court determines that resolution of the proceeding requires consideration of both title 11 and

---

[2]*Lefoldt v. Rentfro*, No. 5:15-CV-96-KS-MTP, 2016 U.S. Dist. LEXIS 48463, at *10-*19 (S.D. Miss. Apr. 11, 2016).

[3]*See* Internal Rule One at 10 (S.D. Miss. Aug. 17, 2015), *available at* www.mssd.uscourts.gov/sites/mssd/files/case_assignment_09012015.pdf.

other laws of the United States regulating organizations or activities affecting interstate commerce.'" *Id.* (quoting 28 U.S.C. § 157(d). The Trustee conceded that resolution of the objections to Rentfro's proofs of claim will not require consideration of any other federal laws. Therefore, 28 U.S.C. § 157(d) does not require the Court to withdraw the reference.

Section 157(d) also "allows for permissive withdrawal 'for cause shown.'" *Id.* The Court may withdraw the reference after consideration of the following factors:

> (1) whether the proceedings are core or non-core; (2) the most efficient use of judicial resources; (3) the length of potential delay and the cost to the parties of that delay; (4) whether withdrawal will promote uniformity of bankruptcy administration; (5) whether the party seeking withdrawal of the reference is engaging in forum shopping; and (6) other related factors.

*Schloemer v. Moyer*, No. 1:10-CV-566-HSO-JMR, 2011 U.S. Dist. LEXIS 107279, at *8 (S.D. Miss. Sept. 20, 2011). "The party seeking withdrawal of reference has the burden of establishing a sound articulated foundation for permissive withdrawal." *In re Jones*, No. 3:08-CV-124-SA, 2009 U.S. Dist. LEXIS 92117, at *5 (N.D. Miss. Sept. 16, 2009). "The court should respect the presumption that bankruptcy cases are to be adjudicated by bankruptcy judges in bankruptcy courts." *In re McCullough*, No. 1:05-CV-405, 2006 U.S. Dist. LEXIS 67045, at *2 (S.D. Miss. Sept. 17, 2006).

The Trustee's objection to Rentfro's proofs of claim is a core proceeding. *In re Gandy*, 299 F.3d 489, 499 (5th Cir. 2002). The Court doubts that withdrawing the reference would promote the efficient use of judicial resources. The Trustee's claims against Rentfro have been dismissed, eliminating the Trustee's primary reason for withdrawing the reference. This Court's lack of familiarity with bankruptcy law and

3

procedures could delay proceedings and disrupt the uniformity of bankruptcy administration in this district. The Bankruptcy Court is better equipped to resolve the Trustee's objections to the proofs of claim. *See In re Jones*, 2009 U.S. Dist. LEXIS 92117 at *7; *In re Harris*, 312 B.R. 591, 599 (N.D. Miss. 2004);

The Court's dismissal of the Trustee's tort claims against the directors and officers, including Rentfro, removes any potential benefit of withdrawing the reference to the Bankruptcy Court. Absent consolidation with those now-dismissed claims, there is no reason for the Court to risk disrupting and delaying the administration of bankruptcy proceedings.

### III. CONCLUSION

For these reasons, the Court **denies** the Trustee's Motion to Withdraw [1] the reference to the Bankruptcy Court.

SO ORDERED AND ADJUDGED, on this, the 2nd day of August, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE